```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

THEODORE JOHNSON                                      CIVIL ACTION

versus                                                No. 01-2002

STATE OF LOUISIANA, LOUISIANA
DEPARTMENT OF EDUCATION, PRESIDENT
OF THE L.S.U. SYSTEM, BOARD OF
REGENTS and UNIVERSITY OF NEW ORLEANS                 SECTION: E/5

## RULING ON MOTION

This matter is before the Court on plaintiff Theodore Johnson's ("Johnson") motion to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e). R.d. #96. Defendants (collectively, the "State") filed a timely opposition. After consideration of the briefs, the record and the law, the court is prepared to rule.

## ANALYSIS

On August 9, 2007, at record document #95, this Court entered judgment against Johnson and in favor of the State, dismissing with prejudice all of Johnson's claims against the State.[1] Johnson filed this motion on August 23, 2007.[2] Recently, in Vernon v.

---

[1] The facts of this case are set out in this Court's Order and Reasons entered on January 18, 2002, at r.d. #26, addressing the State's earlier 12(b)(6) motion to dismiss, and at Miller v. Texas Tech Univ. Health Sciences Center, 421 F.3d 342, 345 n.3 (5th Cir. 2005)(*en banc*), *cert. denied*, Louisiana Dept. Of Educ. V. Johnson, 126 S.Ct. 1332 (Feb. 21, 2006).

[2] The State's opposition points out that under Rule 59(e) a party has ten (10) days after entry of a judgment in which to file a motion to alter or amend, and Johnson's motion was docketed on August 23, 2007, more than ten days after the final judgment was entered. Johnson, proceeding *pro se,* receives the Court's orders, notices and judgments by U.S. mail. Assuming that the Clerk of Court mailed the judgment to Johnson on August 10, a Friday, and allowing for the week-end, the Court concludes that Johnson probably received the judgment on Monday, August 13. His motion was postmarked August 22, and docketed on August 23, 2007. Accordingly, the Court finds that his motion is timely filed.

Talamo, 2007 WL 1259222 *1 (E.D. La. April 27, 2007), Judge LeMelle discussed the application of Rule 59(e) as follows:

> The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1. p. 125-27 (1995) (Wright & Miller"). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F.Supp.2d 813, 816 (W.D.La. Oct. 10, 2001); Wright & Miller, 2810.1 at 127-28; *and* Clay v. Daichi Shipping, 2000 WL 6269, at *1 (E.D.La. Jan. 5, 2000).

Johnson argues that the judgment should be altered or amended to correct an error of law or prevent a manifest injustice.  He argues, as he did in opposition to the State's motion for summary judgment, that UNO's academic requirements regarding receipt of federal financial aid are more demanding than required by the statute and the rules implementing the statute, that they have a disparate impact on disabled students, and that the accommodation he requested was reasonable.  The court has already rejected these arguments.  Johnson offers no new evidence and points to no changes in the controlling law.  In essence, he wishes to relitigate prior matters that simply have been resolved to his dissatisfaction.

Accordingly,

**IT IS ORDERED** that plaintiff Theodore Johnson's motion to alter or amend the judgment is **DENIED.**

New Orleans, Louisiana, August 26, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge